

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,448-03

### EX PARTE SAMUEL BETTIS KHAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23663 A-3 IN THE 278TH DISTRICT COURT
### FROM WALKER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery in exchange for ten years' deferred adjudication community supervision. He was later adjudicated guilty and sentenced to twenty-five years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Khan v. State*, No. 10-08-00127-CR (Tex. App. — Waco, Aug. 26, 2009) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel failed to adequately investigate and discover that Applicant's co-defendant, apparently the primary actor in the robbery, was using a toy gun. Applicant alleges that trial counsel should have tried to quash the indictment or negotiate for a plea to the lesser offense of robbery, because no deadly weapon was used or exhibited during the commission of the offense. Applicant alleges that trial counsel failed to advise him as to the elements of the offense of aggravated robbery, but instead allowed him to plead guilty to that charge even though no deadly weapon was used or exhibited. Applicant also alleges that trial counsel gave him incorrect advice as to parole eligibility, but advising him that if his community supervision was revoked he would have to serve only one quarter of his sentence before becoming eligible for parole. Applicant alleges that the deficiencies of trial counsel rendered his guilty plea involuntary.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he was aware at the time of Applicant's plea that Applicant's co-defendant had allegedly used a toy gun in the commission of the offense, and if so, whether he filed a motion to quash Applicant's indictment or tried to negotiate for a plea to a lesser charge. Trial counsel shall state whether he advised Applicant of the effect of the deadly weapon allegation, and whether he advised Applicant of the elements of robbery and aggravated robbery.

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

Trial counsel shall state what advice if any he gave to Applicant regarding his parole eligibility for this offense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant's plea of guilty was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 5, 2017
Do not publish